RELIABLE NEWSPAPER DELIVERY, INC., A NEW JERSEY CORPORATION, RESPONDENT, v. MARYLAND CASUALTY COMPANY, A MARYLAND CORPORATION, APPELLANT.

Submitted October 29, 1943—Decided April 20, 1944.

For the appellant, *Coult, Satz, Morse & Coult (Joseph Coult)*.

For the respondent, *Charles W. Weeks*.

The opinion of the court was delivered by

BODINE, J. . The appellant, Maryland Casualty Company, entered into a contract of insurance undertaking to indemnify the respondent as the owner of automobiles against the liability imposed by law by reason of the negligent operation thereof.

The policy, so far as pertinent, was as follows: "Application of Insurance. The insurance applies to any automobile or trailer hired by the named insured at any time during the policy period and used for the purposes stated in the declaration, provided * * * (b) such automobile is not owned by an employee or an agent of the named insured who is granted an operating allowance of any kind for the use of such automobile."

The respondent employed in its business one William Komishane, who owned the truck which he drove, and was allowed $10 a week for its use. On March 20th, 1938, while upon respondent's business, he negligently injured a Mrs. Zabita, who sued and recovered damages from the respondent.

The present action was brought on the theory that by conduct the appellant was estopped to deny the defense of non-coverage.

After the accident, the respondent reported the facts of the occurrence to the appellant, writing that it happened while Komishane was driving his own truck upon its business. Clearly, the policy did not cover such an accident, but after notification George F. Snyder, an adjuster for the appellant, called upon Mrs. Zabita saying that he had been sent by the insurance company and recommended that she go to another physician to whom she did go for eleven treatments. This physician reported his findings to the appellant. The adjuster also said to Mrs. Zabita, "Maybe we will have some kind of a settlement."

The previous year the respondent had paid an additional premium on the Komishane truck, when an adjustment was made, as the result of an audit of its books by one of the appellant's auditors. The reason for the admission of this testimony is not clear.

On January 31st, 1939, the appellant notified the respondent that it would no longer be responsible for the investigation and handling of the preparation of the defense, and would not satisfy or pay any claims or judgments with respect to the accident because its policy did not cover the car driven by Komishane at the time of the happening of the accident on March 20th, 1938. On January 9th, 1940, suit was brought against the respondent. It effected a settlement and brought this action to recover its damages.

The unconditional defense of an action brought against its assured constitutes a waiver of the terms of the policy and an estoppel to defend on such ground. *O'Dowd* v. *U. S. Fidelity and Guaranty Co.,* 117 *N. J. L.* 444; *Ambrose* v. *Indemnity Insurance Company of North America,* 124 *Id.* 438; *Serafino* v. *U. S. Fidelity and Guaranty Co.,* 122 *Id.* 294; *Cook* v. *Preferred Accident Insurance Co.,* 114 *Id.* 141; *Horn* v. *Commonwealth Casualty Co.,* 105 *Id.* 616.

The insurer in disclaiming liability is required to act seasonably and it cannot delay its decision so long that the

insured's rights may be prejudiced thereby. Section 4693, *Insurance Law and Practice, Appleman.*

The question for determination in this case was whether the respondent's position was prejudiced by the appellant's failure to make an earlier disclaimer.

It seems not. Suit was not brought for nearly a year after the disclaimer was received. If anything, the respondent was benefited by the preliminary investigation and the physician's attendance upon Mrs. Zabita. But if not the jury was not shown how it was harmed. There was no prejudice shown save the mere delay in giving the information as to non-coverage. The respondent had nearly a year thereafter to prepare its case. Six or eight months more would have been of no greater benefit and there was no showing that respondent could have done anything that it did not do.

A lawyer was permitted, as an expert, to testify that there was prejudice in handling the defense due to the withdrawal of the appellant from the investigation. Conduct which, in this case, would be prejudicial and give rise to an estoppel is either a question of fact or law. If fact, there were no proofs to sustain it. If law, it was not proper to guide the court as to the law of the case. The testimony of the so-called expert being without foundation properly laid did not establish an estoppel. *Kelly* v. *Loft, Inc.,* 124 *N. J. L.* 185.

The case is barren of proof to show the essentials of an estoppel. The appellant withdrew long before any action was taken and the mere opinion of respondent's former attorney unfounded upon proved material facts was irrelevant and prejudicial. *Dodge* v. *Johns Manville Sales Corp.,* 129 *N. J. L.* 65.

The judgment is reversed, with costs.

*For affirmance*—PERSKIE, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 5.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, JJ. 11.